# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-05274 (BKT)** |
| HECTOR M. RODRIGUEZ CARRASQUILLO | |
| ELIZABETH RODRIGUEZ SCHARON | **CHAPTER 13** |
| **DEBTORS** | |

## MOTION REQUESTING ALLOWANCE OF LATE PROOF OF CLAIM

**TO THE HONORABLE COURT:**

   **COMES NOW**, Creditor, **DORAL BANK, INC.** (hereafter referred to as "DORAL"), through the undersigned legal counsel, and very respectfully **STATES** and **PRAYS** as follows:

1. That this Honorable Court has jurisdiction under Title 28 USC §1334, and venue under Title 28 USC §1408, and particularly regarding this matter under Bankruptcy Rule 9006.

2. On **June 15, 2010**, Debtor filed the instant petition for relief; and a Chapter 13. See **CM/ECF Bankruptcy Docket File under docket no. 1.**

3. The last day to file Proof of Claims was October 18, 2010. Doral Bank is a creditor in this case; however, there were some problems with the documents.

4. Pursuant the Federal Rules of Bankruptcy Procedure provides under Rule 9006 (b), on Time –

(b) **Enlargement.**

   **(1) In general.**

   Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. [Emphasis added].

5. It has been recognized that Rule 9006(b)(1) empowers a bankruptcy court to permit the late filing of a proof of claim if the failure to comply with an earlier bar date is the result of "excusable neglect". Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 382 (1993). In Pioneer, the Supreme Court explicitly rejected the view that the showing of fault on the part of the late filer would defeat a claim of "excusable neglect". That is, the Court may allow the late filing caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388 [Emphasis added].

6. In order to determine whether the party's neglect is excusable, the Supreme Court agreed with the use of various factors identified by the Court of Appeals. Nevertheless, in so doing the Supreme Court advise that:

   "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable" we conclude that the determination is a bottom an equitable one, taking account of a relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger to the proceedings, the reason for the delay, including whether it as within reasonable control of the movants, and whether the Movant acted in good faith." Id. at 395

7. The reason for the delay is not of bad faith or any type of dilatory tactic.

**WHEREFORE**, Doral Bank respectfully prays as relief from this Honorable Court to allow Movant to file its Proof of Claim late.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico on the 8th of November, 2010.

**If no objection or other response is filed within fourteen (14) days, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

### CERTIFICATE OF SERVICE

**I hereby certify** that on this same date a true and correct copy of the present *motion* was electronically filed with the clerk of the Court using CM/ECF System which will send notification of such filing at the authorized address to **Atty. Jose R. Carrion Morales,** Chapter 13 Trustee and to the Attorney for Debtor, **Atty. Roberto Figueroa Carrasquillo**, to Debtor **Hector M. Rodriguez Carrasquillo & Elizabeth Rodriguez Sharon,** at **Bairoa CN 14, 10 Street, Caguas, PR 00725** and to all the Creditors disclosed under the List of Creditors.

**Counsel for Creditor-Doral Bank, Inc.:**
Doral Bank-Bankruptcy Division
P.O. Box 70308
San Juan, Puerto Rico 00936-8308
Tel. (787) 474-6631
Fax (787) 625-1252

S/Nayeli Díaz Febles
**NAYELI DIAZ FEBLES**
USDC-PR No. 223403
E-mail: quiebras@doralbank.com